IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOHN DOE,

    **Plaintiff,**

vs.                                                         No.   3:13-cv-904-DRH-PMF

CAHOKIA SCHOOL DISTRICT #187,
MARIO HUNT and TANYA MITCHELL,

    **Defendants.**

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

    This matter is before the Court on defendant Mario Hunt's ("Hunt") and defendants Cahokia School District and Tanya Mitchell's ("Mitchell") motions to stay (Docs. 35, 37).   Plaintiff John Doe ("Doe") opposes the motions (Docs. 36, 38).

    On September 3, 2013, Doe filed a twelve-count complaint against defendants arising from the alleged sexual abuse of Doe by Hunt while upon the premise of Cahokia High School.  On June 13, 2013, prior to the filing of the current complaint, Hunt was criminally indicted in the Circuit Court of the Twentieth Judicial Circuit on the charges of criminal sexual assault, aggravated criminal sexual abuse, and transmitting HIV (Ex. 35-1).   The criminal case involves a different student, not Doe.

    In his motion to stay, Hunt asserts that the pending criminal charges clearly

arise out of the same events that constitute Doe's civil lawsuit and, therefore, his Fifth Amendment privilege is potentially threatened by defending the civil action. Defendants Cahokia School District #187 and Mitchell join in Hunt's motion to stay (Doc. 37) and argue that they will be greatly burdened by the negative inference that can be drawn if Hunt asserts his Fifth Amendment privilege. Doe responds to both motions, asserting that Hunt has been charged criminally with sexually assaulting a different student and therefore a stay of the civil action is unwarranted as the two actions do not involve the same subject matter.

"A stay contemplates 'special circumstances' and the need to avoid 'substantial and irreparable prejudice.' The very fact of a parallel criminal proceeding . . . does not alone undercut a defendant or claimant's privilege against self-incrimination, even though the pendency of the criminal action forces him to choose between preserving his privilege against self-incrimination and losing the civil suit." *U.S. v. Certain Real Property, Commonly Known as 6250 Ledge Road, Egg Harbor, Wis.*, 943 F.2d 721, 729 (7th Cir. 1991) (internal citations and quotation marks omitted).

However, a district court may stay a civil action during the pendency of a parallel criminal proceeding if the interests of justice so require. *Chagolla v. City of Chicago*, 529 F.Supp.2d 941, 945 (N.D. Ill. 2008) (citing *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970)). "Determination of whether to grant a stay due

to parallel criminal litigation involves balancing the interests of the plaintiff, the defendants, and the public." *Id.* The Court considers the following factors: (1) whether the civil and criminal matters involve the same subject; (2) whether the governmental entity that has initiated the criminal case or investigation is also a party in the civil case; (3) the posture of the criminal proceeding; (4) the effect of granting or denying a stay on the public interest; (5) the interest of the civil-case plaintiff in proceeding expeditiously, and the potential prejudice the plaintiff may suffer from a delay; and (6) the burden that any particular aspect of the civil case may impose on defendants if a stay is denied. *Id.*

In this case, there is not a sufficient connection between the civil and the criminal case to warrant a stay of the civil proceeding. Hunt's reliance on *Doe v. City of Chicago* is misplaced. 360 F. Supp. 2d 880 (N.D. Ill. 2005). In that case, a police officer faced a civil suit for sexual assault and criminal charges arising from the same incident. *Id.* at 881. The criminal charges were lodged against the officer, while the civil suit was filed against the officer as well as the City of Chicago and two other officers. *Id.* The Northern District of Illinois concluded that because the civil suit and the criminal charges arose from the same incident a stay was warranted. *Id.* at 881-82. Here Hunt faces criminal charges for his alleged sexual assault of another student. The civil suit and the criminal charges against Hunt clearly do not arise from the same incident. Further, the Government is not

a party to this lawsuit and the remaining four factors do not weigh in defendants' favor in light of this conclusion.  Therefore, defendants' motions to stay (Docs. 35, 37) are **DENIED.**

    **IT IS SO ORDERED.**

Signed this 3rd day of April, 2014.

Digitally signed by David R. Herndon
Date: 2014.04.03 14:10:33 -05'00'

**Chief Judge**
**United States District Court**