IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOHN DOE,

      Plaintiff,

vs.

CAHOKIA SCHOOL DISTRICT #187,
MARIO HUNT, and TANYA MITCHELL,

      Defendants.

Case No. 14-cv-904-SMY-PMF

MEMORANDUM AND ORDER

    This matter comes before the Court on Plaintiff's First Motion in Limine (Doc. 74). Plaintiff motions the Court to exclude evidence, including medical records, regarding Plaintiff's prior sexual behavior and/or sexual orientation pursuant to Federal Rule of Evidence 412. Defendant argues that the motion in limine is premature as trial is still several months out. Defendant also argues that such evidence would be admissible. Specifically, Defendant states evidence that Plaintiff engaged in consensual sexual acts with other males prior to the alleged is relevant to the defense that any alleged sexual with Defendant Hunt was consensual. It would also demonstrate that Plaintiff had previously consented to sexual relationships with men. The evidence would be for the purpose of establishing that, because Plaintiff consented to sexual contact with men, he likely consented to any contact with Hunt. Defendant also argues that evidence that Plaintiff consented to sexual contact with other males establishes that Plaintiff had the ability to understand the nature of sexual relations and consent to such relations. Defendant further argues that such evidence is also relevant on the issue of damages. Evidence that Plaintiff had prior sexual relationships with other males could be found to diminish Plaintiff's claim for pain, suffering and emotional injuries.

Federal Rule of Evidence 412 states:

> (a) Prohibited Uses. The following evidence is not admissible in a civil or criminal proceeding involving alleged sexual misconduct:
> (1) evidence offered to prove that a victim engaged in other sexual behavior; or
> (2) evidence offered to prove a victim's sexual predisposition.
> . . .
> (2) Civil Cases. In a civil case, the court may admit evidence offered to prove a victim's sexual behavior or sexual predisposition if its probative value substantially outweighs the danger of harm to any victim and of unfair prejudice to any party. The court may admit evidence of a victim's reputation only if the victim has placed it in controversy.

Fed. R. Evid. 412. The notes state:

> The rule aims to safeguard the alleged victim against the invasion of privacy, potential embarrassment and sexual stereotyping that is associated with public disclosure of intimate sexual details and the infusion of sexual innuendo into the factfinding process.

Fed. R. Evid. 412.

The purposes stated by Defendant for which the evidence would be used are in direct contravention of the language and policy behind Rule 412. Defendant seeks to show that Plaintiff engaged in other sexual behavior and to show Plaintiff's sexual predisposition. Evidence that Plaintiff engaged in consensual sexual acts with other males is irrelevant to establishing that he consented to any sexual contact with Hunt, and to the extent that it is relevant, its probative value does not substantially outweigh the danger of harm to any victim or of unfair prejudice to any party. Further, the statutory age of consent in Illinois is 17, or 18 where the accused is a family member or a person in a position of trust or authority. *People v. Lloyd*, 987 N.E.2d 386, 393 (IL 21013). Evidence that Plaintiff consented to sexual acts with other males is not necessary to establish that Plaintiff was able to consent given the statutory age of consent.

2

Defendant relies on *Berry v. Deloney*, 28 F.3d 604 (7th Cir. 1994) for its assertion that the evidence would be admissible on the question of damages. However, Defendant's reliance on *Berry* is misplaced. *Berry* arose from events that occurred in 1987 between a student and a truant officer. *Id*. at 605. The civil case was brought in 1991. *Id*. The only reference to Rule 412 is found in a footnote, which states:

> Berry's invocation of Rule 412 of the Federal Rule of Evidence and two cases applying Rule 412 . . . is inapposite. Rule 412, which essentially prohibits evidence of the victim's past sexual behavior in rape or sexual assault case, applies by its terms only to criminal sex offense cases. See Fed.R.Evid. 412(a)–(b).

*Berry v. Deloney*, 28 F.3d 604, 608 (7th Cir. 1994). Subsequently, Rule 412 underwent substantial revisions in 1994, and these revisions were designed "to diminish some of the confusion engendered by the original rule *and to expand the protection afforded alleged victims of sexual misconduct*." F. R. Evid. 412 (emphasis added). Among the changes to the rule was the extension of the protections afforded to alleged victims in civil cases. Therefore, following the decision in *Berry* would be in direct contravention of Rule 412.

Even if admissible on the issue of damages, evidence of prior consensual sexual acts to mitigate damages caused by non-consensual acts would be of minimal probative value due to the nature of the acts. Allowing Plaintiff's sexual history into evidence would promote precisely the type of stereotypical thinking Rule 412 was meant to prevent and would lead to prejudice to Plaintiff. The probative value of the evidence does not substantially outweigh the danger of harm to any victim or of unfair prejudice to any party. Accordingly, Plaintiff's First Motion in Limine (Doc. 74) is GRANTED.

IT IS SO ORDERED.

DATED: December 19, 2014

/s/    Staci M. Yandle
STACI M. YANDLE, DISTRICT JUDGE